UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELIJAH EL-HAJJ-BEY, *Plaintiff*, | ) ) ) | CASE NO. 3:24-cv-01046 (KAD) |
| v. | ) ) | |
| RICHARD MAYER RITTENBAND, *et al.*, *Defendants*. | ) ) ) | FEBRUARY 13, 2025 |

## MEMORANDUM OF DECISION
## RE: MOTION TO DISMISS (ECF NO. 16)

Kari A. Dooley, United States District Judge:

Plaintiff Elijah El-Hajj-Bey ("Plaintiff"), proceeding *pro se*, commenced this action against the Statewide Grievance Committee (the "Grievance Committee"), the State of Connecticut Judicial Review Council[1] (the "Judicial Review Council"), the late Judge Richard Rittenband in his official capacity, (collectively, "the State Defendants"), Judge Rittenband in his individual capacity, and the Richard Mayer Rittenband estate, pursuant to 42 U.S.C. § 1983. He alleges that the Defendants violated the rights secured to him by the First and Fourteenth Amendments of the United States Constitution. *See* Compl., ECF No. 1 at 3. Plaintiff's claims relate to a contract dispute that he litigated in Connecticut state courts, as well as various complaints he filed as a result of that litigation. He seeks money damages. *Id.* at 4–5. The State Defendants have moved to dismiss all claims against them pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, *see* Defs.' Mot. to Dismiss, ECF No. 16, and Plaintiff objects. *See* Pl.'s

---

[1] In the caption of his Complaint, Plaintiff names the "Connecticut Judicial Review Committee" as a Defendant. Compl., ECF No. 1, at 1. Later, in the "Defendants" section of the District of Connecticut complaint form he named the "State of Connecticut Judicial Review *Council*." *Id.* at 3 (emphasis added). The "Judicial Review Council" is a State entity created by statute to determine whether "a Connecticut judge or family support magistrate has engaged in conduct proscribed by Conn. Gen. State. § 51-51i," which establishes standards for the State judiciary. *Kamasinski v. Jud. Rev. Council*, 797 F. Supp. 1083, 1086 (D. Conn. 1992). The Court therefore construes Plaintiff's claims against the "Judicial Review Committee," as brought against the Judicial Review Council, and refers to the Defendant as such.

Obj., ECF No. 19. For the reasons that follow, the State Defendants' motion is GRANTED and Plaintiff's remaining claims are DISMISSED.

**Standard of Review**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 712 (2d Cir. 2019) (*per curiam*) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). The appropriate analysis for a facial challenge to subject matter jurisdiction, like the one raised by the State Defendants, is similar to that required under Rule 12(b)(6). To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678. "When the Rule 12(b)(1) motion is facial, *i.e.*, based solely on the allegations of the complaint or the complaint and exhibits attached to it…, the plaintiff has no evidentiary burden." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). The task of the district court is to determine whether, after accepting as true all material factual allegations of the complaint and drawing all reasonable inferences in favor of the plaintiff, the alleged facts affirmatively and plausibly suggest that the court has subject matter jurisdiction. *Id.* at 56–57.

Although a *pro se* complaint must be liberally construed "to raise the strongest arguments it suggests," *pro se* litigants are nonetheless required "to allege facts demonstrating that her claims

arise under this Court's . . . jurisdiction." *Gray v. Internal Affairs Bureau*, 292 F. Supp. 2d 475, 477 (S.D.N.Y. 2003). Absent such a showing the "complaint must be dismissed." *Id.* (citing Fed. R. Civ. P. 12(h)(3)).

**Allegations**

The Court recites only those allegations necessary to adjudicating the issues before it. Plaintiff's allegations are difficult to follow as a narrative of events, and do not neatly track as to the causes of action he purports to bring. However, the Court reads them with the "special solicitude" afforded *pro se* litigants. *See Tracy v. Freshwater*, 623 F.3d 90, 101–103 (2d Cir. 2010).

From December 2009 until at least June 2019, Plaintiff, as the sole member of the LLC Reliable Mechanical Contractors, was involved in litigation against Windsor Federal Savings and Loan ("WFSL"). Attach. to Pl.'s Compl. ("Attach. to Compl."),[2] ECF No. 1-1 at ¶¶ 9–10, 99. This litigation stemmed from a 2005 contract between Reliable Mechanical Contractors and WFSL, the terms of which WFSL sought to enforce in Connecticut Superior Court. *Id.* at ¶¶ 1–10.[3] Plaintiff identifies this case as captioned *Windsor Federal Savings and Loan v. Reliable Mechanical Contractors*, HHD-CV09-5034526-S (the "Underlying Case").[4] *Id.* at ¶¶ 51, 105. Plaintiff's claims

---

[2] Plaintiff filed his complaint on the District of Connecticut's form complaint for civil rights violations. *See* Compl. at 1. He provided his detailed allegations in a ten-page attachment to that form, docketed at ECF No. 1-1.

[3] It is somewhat difficult to parse the details of the underlying case from the allegations in Plaintiff's Complaint. In their Motion to Dismiss, Defendants cite to *Windsor Fed. Sav. & Loan Ass'n v. Reliable Mech. Contractors, LLC*, 175 Conn. App. 651 (2017), an Appellate Court decision issued in the underlying litigation, as a means of providing more concrete details. However, "[a] court can consider opinions and decisions from other proceedings 'on a motion to dismiss only to establish the existence of the opinion, not for the truth of the facts asserted in the opinion.'" *Robertstad v. Henry*, No. 3:20-CV-1513 (JBA), 2021 WL 2413913, at *2 (D. Conn. June 14, 2021) (quoting *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006)). The Court therefore relies only on Plaintiff's Complaint and its Attachment, but notes that the precise procedural history of the underlying litigation is immaterial to the jurisdictional issues raised in Defendants' Motion.

[4] As the State Defendants note in their Motion to Dismiss, though a civil case corresponding to this docket number does exist, *see Windsor Fed. Sav. & Loan Ass'n v. Reliable Mech. Contractors*, LLC, No. HHDCV095034526S, 2019 WL 1313255 (Conn. Super. Ct. Feb. 1, 2019), the Connecticut Judicial Branch website indicates that "HHDCV095034526S is not found or is not electronically available." Superior Court Case Lookup,

against Judge Rittenband are based on his rulings in the underlying case, and his claims against the Grievance Committee and the Judicial Review Council relate to Plaintiff's subsequent complaints about the handling of the Underlying Case. *See id.* at ¶¶ 51, 64, 105.

Plaintiff alleges that Judge Rittenband was biased against him on the basis of Plaintiff's race and religion, and that as a result Judge Rittenband ruled against him at various points in the litigation, and allowed unethical and unfair conduct by the opposing party's counsel. *See* Compl. at 4; Attach. to Compl. at ¶¶ 23–24, 43–45, 75–95. According to Plaintiff, Judge Rittenband's actions "not only denied his appeal but destroyed his counterclaim" *Id.* at ¶¶ 47–49. Further, Plaintiff acknowledges that Judge Rittenband died prior to Plaintiff's commencement of this action, and alleges that "other judges started to retaliate against [Plaintiff] and kept his assets." *Id.* at ¶¶ 50–51.

Plaintiff's claims against the Grievance Committee relate to grievances he filed regarding the conduct of various attorneys in the Underlying Case. Plaintiff alleges that he and/or his LLCs were represented by multiple attorneys over the course of the litigation. *See id.* at ¶¶ 9, 12, 15, 99. He accuses at least two of them of acting unethically, *see id.* at ¶¶ 62–63, and also makes ethics accusations against WSFL's counsel. *See id.* at ¶¶ 53–59. Plaintiff "filed grievance[s] against all attorneys acting on behalf of the Plaintiff and Defendant in the [underlying case] and was blocked and denied." *Id.* at ¶ 52. Plaintiff alleges that the Grievance Committee recommended that his grievance against WSFL's counsel be "referred for criminal prosecution," but it was instead "overturned to silence the Plaintiff," and that his complaints against his own attorneys were "denied." *Id.* at ¶¶ 60–63.

---

https://civilinquiry.jud.ct.gov/LoadDocket.aspx?DocketNo=HHDCV095034526S&incparty=Y&incmot=Y (last visited Feb. 11, 2025); Mot. to Dismiss at 2, n.3.

As against the Judicial Review Council, Plaintiff recites substantially similar factual allegations to those asserted against Judge Rittenband. *See id.* at ¶¶ 65–94. He then alleges that in the Underlying Case he was "denied due process, equal protection, privilege, and immunity based on the fact that he is a Native American and Muslim," and that he was "not allowed to defend or enforce … due to bias and prejudice against him." *Id.* at ¶¶ 105, 107. He "asked the Judicial Review Council to oversee the [underlying] case for fairness," and was ignored. *Id.* at ¶ 107. He also "turned over all evidence of forged documents to the Attorney General," after which "the matter was referred to the Judicial Review [Council], who took no action against the judges or attorneys." *Id.* at 101.

In his request for relief, Plaintiff asks only for monetary damages of over $278 million. *See* Compl. at 5.

**Discussion**

Defendants argue that the Court does not have subject matter jurisdiction over Plaintiff's claims against the State Defendants, because those claims are barred by the Eleventh Amendment, and because Plaintiff has failed to plead standing. Def.'s Mem. in Supp., ECF No. 16-1, at 4–5. In his response, Plaintiff asserts that the Court has subject matter jurisdiction because his civil rights under the First and Fourteenth Amendments were violated, including by the "abusive practices" of the State of Connecticut. Pl.'s Obj. at 1. For the reasons that follow, the Court agrees with the Defendants.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "The Eleventh Amendment has been interpreted as also barring suits in federal

5

court against a state brought by that state's own citizens." *Mary Jo C. v. N.Y. State & Loc. Ret. Sys.*, 707 F.3d 144, 151 (2d Cir. 2013). This immunity extends not only to the State itself but "to state agents and state instrumentalities that are, effectively, arms of a state." *Woods v. Rondout Valley Centr. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) (quotation marks omitted). "For suits against states or their agencies," Eleventh Amendment immunity "applies regardless of the nature of the relief sought," except in circumstances "where the state has consented to be sued or Congress has abrogated the states' Eleventh Amendment immunity." *Lee v. Dep't of Child. & Fams.*, 939 F. Supp. 2d 160, 165 (D. Conn. 2013) (quotations omitted). For suits against individuals in their official capacities, the immunity "depends on the form of relief sought." *Id.* at 165–66. A plaintiff may seek prospective injunctive relief against individuals in their official capacities, but may not recover money damages. *Id.* at 166 (citing *Ex Parte Young*, 209 U.S. 123 (1908); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989)).[5] The existence of Eleventh Amendment immunity implicates this Court's subject matter jurisdiction. *Alabama v. Pugh*, 438 U.S. 781, 782 n.1 (1978).

The Grievance Committee and Judicial Review Council are state agencies, entitled to Eleventh Amendment Immunity. *See Monroe v. Horwitch,* 820 F. Supp. 682, 684 (D. Conn. 1993), *aff'd*, 19 F.3d 9 (2d Cir. 1994) (Statewide Grievance Committee entitled to Eleventh Amendment Immunity); *Kamasinski v. Jud. Rev. Council*, 797 F. Supp. 1083, 1088 (D. Conn. 1992) (same, for Judicial Review Council). And the claims against Judge Rittenband in his official capacity as a Superior Court Judge are "ultimately [claims] against the state, and thus [are] barred by the Eleventh Amendment." *Ricciuti v. Alander*, No. CIV. 3:03CV708(CFD), 2004 WL 555235, at *1 (D. Conn. Mar. 17, 2004) (citing, *inter alia*, *Berman Enterprises v. Jorling*, 3 F.3d 602, 606 (2d

---

[5] As noted above, Plaintiff here seeks only money damages, so even though he sues Judge Rittenband in his official capacity, the *Ex Parte Young* exception does not apply, and the Court need not analyze it further.

Cir.1993)). Plaintiff brings his claims pursuant to 42 U.S.C. § 1983. Section 1983 does not abrogate Connecticut's Eleventh Amendment immunity. *See Mayo v. Doe*, No. 3:19-CV-781 (VAB), 2020 WL 4818360, at *5 (D. Conn. Aug. 17, 2020) (citing *Quern v. Jordan*, 440 U.S. 332, 342 (1979)). Therefore, the Court lacks subject matter jurisdiction over Plaintiff's claims against the Statewide Grievance Committee, the Judicial Review Council, and Judge Rittenband in his official capacity, and those claims are dismissed.

Because the Court agrees with the State Defendants that the claims against them are barred by the Eleventh Amendment, the Court does not evaluate whether or not Plaintiff has adequately alleged standing to bring his claims.

The Complaint fares no better with respect to Plaintiff's claims against Judge Rittenband in his individual capacity. "[A]n action is void against a defendant who was deceased at the time the action began." *Founders Ins. Co. v. Cuz DHS, LLC*, No. 3:17-CV-01476 (JCH), 2017 WL 5892194, at *3 (D. Conn. Nov. 28, 2017) (citing *O'Leary v. Waterbury Title Co.*, 166 A. 673, 676 (Conn. 1933)). Thus, to the extent that Plaintiff asserts any claims against Judge Rittenband in his individual capacity, those claims are dismissed for lack of subject matter jurisdiction. *See Founders*, 2017 WL 5892194, at *3; *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000) ("failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*.").

Plaintiff also named the "Richard Mayer Rittenband Estate" as a defendant in the Complaint caption. S*ee* Compl. at 1. However, the summons issued to the estate was returned unexecuted, and the estate, through an administrator or otherwise, has never appeared as a

defendant.[6] *See* Summons Return, ECF No. 14.[7] Nonetheless, "the Court has authority *sua sponte* to dismiss the claims against [it] on the ground that they are manifestly meritless." *Mitchell v. Connecticut Region 14 Dist. Prob. Ct.*, No. 3:14-CV-630 JAM, 2015 WL 4094188, at *6 (D. Conn. July 7, 2015) (citing, *inter alia*, *McCluskey v. New York State Unified Court Sys.*, 442 Fed. Appx. 586, 588 (2d Cir.2011)).

Plaintiff's claims against the estate, even if cognizable, *see* note 6, *supra*, are barred by the doctrine of judicial immunity. "It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions," which cannot be overcome even by "allegations of bad faith or malice." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). Judicial immunity can only be overcome in two sets of circumstances: where a judge takes nonjudicial action, outside of his or her judicial capacity, and where a judge acts in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 12 (1991). In determining whether an act by a judge is "judicial," courts must "take a functional approach," and in doing so "the Supreme Court has generally concluded that acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven* 579 F.3d at 209 (citations omitted). Here, Plaintiff's allegations against Judge Rittenband arise entirely out of actions he took and decisions he made while presiding over Plaintiff's case in the Superior Court. Plaintiff has not alleged any facts to suggest that any of Judge Rittenband's alleged actions were nonjudicial, or done in the complete

---

[6] Under Connecticut law, "[a]n estate is not a legal entity. It is neither a natural nor artificial person, but is merely a name to indicate the sum total of the assets and liabilities of the decedent or incompetent. ... Not having a legal existence, it can neither sue nor be sued." *Am. Tax Funding, LLC v. Design Land Devs. of Newtown, Inc.*, 200 Conn. App. 837, 845 (2020). Plaintiff did not name, nor did he attempt to serve, an administrator of Judge Rittenband's estate, the real party in interest. *Id.* These claims are alternatively subject to dismissal on this basis as well. *Id.*

[7] The State Marshal's sworn proof of service form indicates that the reason the summons was returned unexecuted was because the "Defendant deceased June 2016." Summons Return, ECF No. 14. Though the State Defendants did not raise the issue, the fact that Judge Rittenband died approximately *eight (8) years* before this complaint was filed is powerful reason to believe these claims are also barred by the applicable 3-year statute of limitations. *See Clark v. Hanley*, 89 F.4th 78, 91 (2d Cir. 2023) (Connecticut's three-year statute of limitations for personal injury actions applies to § 1983 claims.).

absence of jurisdiction. Judge Rittenband was therefore entitled to absolute judicial immunity, and Plaintiff's purported claims against his estate are thus barred.

**Conclusion**

For the foregoing reasons, the State Defendants' Motion to Dismiss (ECF No. 16) is GRANTED. The claims against Judge Rittenband in his individual capacity and/or his estate are *sua sponte* DISMISSED for the reasons set forth above. The Clerk of the Court is instructed to enter judgment in favor of the Defendants and to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 13th day of February 2025.

        */s/ Kari A. Dooley*
        KARI A. DOOLEY
        UNITED STATES DISTRICT JUDGE